IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Alphonso Hammett, | ) | Case No.: 4:20-cv-3655-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Alejandro Mayorkas, Secretary, U.S. | ) | |
| Department of Homeland Security | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kaymani D. West made in accordance with § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Alphonso Hammett ("Hammett" or "Plaintiff") brought this case against Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security ("Defendant"), alleging claims for gender and race-based discrimination in violation of Title VII of the Civil Rights Act and for age-based discrimination in violation of the Age Discrimination in Employment Act ("ADEA").[2] Hammett, a sixty-nine (69) year old African-American male working at the Federal Emergency Management Agency ("FEMA"), alleges he was denied a promotion to a Crew Lead position due to employment discrimination. (DE 23, pp. 2-3.) Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6),

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Hammett's Complaint was originally filed against the Secretary of the Department of Homeland Security Chad Wolf; however, Alejandro Mayorkas took Wolf's position on February 2, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as Defendant in this matter.

Fed. R. Civ. P., asserting that Hammett's lawsuit should be dismissed because it is based on a "pattern or practice" claim and he has "failed to state a claim for a denial of promotion based on race, sex, or age discrimination." (DE 16, p. 1.) In the alternative, Defendant's Motion for Summary Judgement seeks dismissal of all of Plaintiff's claims arising before October 2, 2017, based on applicable administrative-exhaustion statutes and regulations because they are time-barred. (DE 16-1, p. 1.) For the reasons set forth herein and given the procedural posture of this case, the Court adopts the Report in part and modifies it in part as provided herein; and therefore, the Court denies Defendant's Motion to Dismiss.[3]

## **BACKGROUND**

A full recitation of Plaintiff's allegations is set forth in the Report, which the Court adopts. However, given the objections raised by Plaintiff and for the sake of brevity, the following summary of facts, taken in the light most favorable to Plaintiff, is sufficient for the matters addressed herein.

---

[3]    As a threshold matter, the Court notes that discovery has yet to commence due to the early stage of the case; and therefore, the Court denies Defendant's Motion for Summary Judgement without prejudice to refile at a later date as it is premature. See Convertino v. U.S. Dep't of Justice, 684 F.3d 93, 99 (D.C.Cir.2012) ("[S]ummary judgment is premature unless all parties have 'had a full opportunity to conduct discovery.'") (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).; see also Ryan-White v. Blank, 922 F. Supp. 2d 19, 24 (D.D.C. 2013).

In light of this ruling and given the only motion before the Court is Defendant's Rule 12(b)(6), Fed. R. Civ. P., the Court will not consider any evidence outside the pleadings in the Complaint, affirmative defenses, or resolve contests surrounding the facts or the merits of a claim. See Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). Therefore, since Defendant's time-bar ground for dismissal of Plaintiff's claims arising before October 2, 2017, is made pursuant to Rule 56, Fed. R. Civ. P., its claims regarding the timing of Plaintiff's Equal Employment Opportunity exhaustion, to include equitable tolling or any limitation thereon are premature at this time. Accordingly, the Court overrules Defendant's objections to the Report regarding the Magistrate's application of equitable tolling principles and/or whether the Magistrate erred by not considering evidence to support that Hammett applied for a non-vacant position to support his denial of promotion claim because they are moot.

At the time of filing the Complaint, Plaintiff was employed at FEMA as a reservist Community Relations Specialist ("CRS") and was deployed to multiple locations throughout the United States.  (DE 23, p. 2.)  Plaintiff alleges that in 2008 Defendant began assigning him to management duties that had the effect of promoting his job responsibilities and duties without promoting his pay grade and job title.  As a result, in 2012, Plaintiff applied for a Crew Lead position.  In that same year, Defendant began to require applicants to complete a Task Book prior to promotion to Crew Lead positions.[4]  (DE 23, p. 2.)  However, granting access to a Task Book was left to the discretion of supervisors.  Plaintiff alleges that although he repeatedly requested a promotion, he never received one.  In 2016, Plaintiff emailed Racquel Mahone ("Mahone"), Reservist Program Manager, about opening a Task Book for a Crew Lead position to which she responded stating that there will be opportunities in the near future and that Plaintiff was listed for future progression. (DE 23, p. 3.)  Nevertheless, Plaintiff's Comparators were promoted or given opportunities to open Task Books.  (DE 23, p. 4.)  Plaintiff asserts that prior to 2018, Defendant did not post or advertise open Crew Lead positions in ways that would put employees on notice of the opportunity to apply, and thus supervisors were able to hand-select their favorites.  (DE 23, p. 4.)  Accordingly, on October 8, 2017, Plaintiff sent a follow-up email to Mahone in which Hammett asked her again to consider opening a Task Book for him.  Mahone did not respond, and so Plaintiff contacted Defendant's Equal Employment Opportunity ("EEO") Counselor on November 16, 2017, and filed a Complaint the following month.  However, Plaintiff's EEO

---

[4]     Plaintiff alleges that many CRSs, including female, non-African American, and younger reservists, many of whom were less experienced, were grandfathered in and promoted to Crew Lead positions without having to complete Task Books while he was not, even though he allegedly was qualified and possessed more experience than other applicants.  (DE 23, p. 3.)  A list of these individuals is set out in the Amended Complaint and will be referred to herein as "Comparators."  (DE 14, pp. 5-6. ¶ 18-22.)

Complaint was dismissed by an Administrative Judge on June 11, 2020.  (DE 23, p. 4.)  Plaintiff then initiated this case on October 16, 2020.

## DISCUSSION

Although Defendant has filed an objection to the Report (DE 26), to be actionable, objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object."  Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review."  Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Given the Court's ruling on Defendant's Motion for Summary Judgment, Defendant has one remaining objection to the Report.  See n. 3. supra.  Defendant objects to the Report contending Plaintiff failed to set forth sufficient factual detail regarding his denial of promotion claims to survive a Rule 12(b)(6) motion to dismiss.  (DE 26, p. 15.)  Specifically, Defendant contends Plaintiff's list of comparators is inadequate because it is vague and nonspecific.  (DE 26, p. 15)  Additionally, Defendant

argues that Plaintiff has failed to allege that his supervisor was the same supervisor for the other comparators as required.  The Court finds that the Magistrate comprehensively and in detail addressed the issues surrounding this objection in the Report and correctly concluded that Plaintiff has alleged sufficient facts to state a claim for relief, and thus "the undersigned is of the opinion that such specific detail is not fatal to the sufficiency of [Plaintiff's] pleading." (DE 23, pp. 19-22.)  Defendant has not offered any new deficiencies in Plaintiff's complaint to support this objection.   Accordingly, the Court overrules this objection without further discussion.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report in part and modifies it in part as provided herein.  It is, therefore, **ORDERED** that Defendant's Motion to Dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., or in the Alternate, Motion for Summary Judgement (DE 16) is denied.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
September 15, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.