IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Alphonso Hammett, | ) | Case No.: 4:20-cv-3655-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Order and Opinion** |
| Alejandro Mayorkas, Secretary, U.S. | ) | |
| Department of Homeland Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 96.) Plaintiff Alphonso Hammett ("Plaintiff" or "Hammett") brought this action under Title VII of the Civil Rights Act and for age-based discrimination in violation of the Age Discrimination in Employment Act ("ADEA") against Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security ("Defendant").[2] (DE 14.) Plaintiff, a now-72-year-old Black man, worked at the Federal Emergency Management Agency ("FEMA") as a reservist Community Relations Specialist ("CRS") since 2004. (DE 83-1, ¶¶ 1-2.) Plaintiff states that "[f]rom 2012 to the present," he "repeatedly requested to [his] supervisors that [he] be formally moved into the 'Crew Lead' position and that [his] compensation be commensurate with that title." (DE 83-1, ¶ 13.) Defendant moved for summary judgment on

---

[1]   The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2]   Alejandro Mayorkas became Secretary of the Department of Homeland Security on February 2, 2021. Under Federal Rule of Civil Procedure 25(d) he was automatically substituted as Defendant here.

Hammett's Title VII and ADEA claims. (DE 72.) Hammett opposes the Motion (DE 83), and Defendant has filed a Reply (DE 89).

The Report was issued on August 28, 2023, recommending Defendant's Motion for Summary Judgment be granted because (1) to the extent that Plaintiff's Amended Complaint is based on a "pattern or practice" theory, it is available only for class-actions, (2) Hammett's claims before October 2, 2017, are untimely, and (3) Plaintiff has offered no direct evidence of discrimination for his claims after October 2, 2017. (DE 96.) As for the timeliness recommendation, the Report notes that,

> Plaintiff argues he is entitled to equitable estoppel for claims that arose between October 26, 2016 (the date of his initial email communication with Mahone about a task book) and October 2, 2017 (45 days before his contact with the EEO counselor). Plaintiff focuses on Mahone's October 2016 assertion that he was "already 'listed for future progression.'" Pl. Mem. 10 (citing October 26, 2016 email). Without providing further record citations, Plaintiff continues, arguing[,] 'Mahone mispresented to [Plaintiff] that she would give him the opportunity to open a Task Book, and it was reasonable for 'Hammett' to rely on this statement.' Pl. Mem. 18. Plaintiff submits Mahone's 'misrepresentation' to him excused his delay in contacting an EEO counselor. Id. Plaintiff submits that Mahone's representation and actions were such that Defendant 'should unmistakably have understood would cause [Plaintiff] to delay filing his charge.' Id. (quoting Price v. Litton Bus. Sys., Inc., 694 F.2d 963, 965 (4th Cir. 1982)). Citing to his Declaration submitted in opposition to summary judgment, Plaintiff submits that he 'trusted' Mahone 'at her word' that there was 'nothing else [he] needed to do to be 'listed for future progression.' Pl. Decl. ¶ 15. Plaintiff says he 'relied' on her representations and 'waited patiently as she indicated [he] should.' Id. ¶ 16. He says he did not 'sit on his rights.' Id. ¶ 17.

(DE 96, p. 14.) At any rate, the Report found that "Plaintiff has provided no evidence that any of these statements were misrepresentations intended to cause him to 'sit on his rights.' Rather, on Reply, Defendant has provided a spreadsheet listing 'DSA Specialists Qualified Progressions to DSA Crew Lead,' that includes Plaintiff's name." (DE 96, p. 15, citing DE 89-2 at 4.) The Report also states that,

> Nor does Mahone's email advise Plaintiff that there was 'nothing else he needed to do.' In considering this point, the court notes Defendant's evidence that one of the

2

> requirements of opening a task book is having 2 or more satisfactory performance evaluations within 60 days. Bennett Perez Aff. ¶ 2. Defendant indicates Plaintiff and others in his position were advised that they were to submit the requisite performance evaluations to DSA Cadre Management if they were seeking a task book. Bennett Perez Aff. ¶ 5.

(DE 96, p. 15.) The Report relies on Price, where the Fourth Circuit explained:

> The statute of limitations will not be tolled on the basis of equitable estoppel unless the employee's failure to file in [a] timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge. An employee's hope for rehire, transfer, promotion, or a continuing employment relationship—which is all that Price asserts here—cannot toll the statute absent some employer conduct likely to mislead an employee into sleeping on his rights.

Price v. Litton Bus. Sys., Inc., 694 F.2d 963, 965 (4th Cir. 1982).

On September 25, 2023, Hammett objected to the Report. (DE 98.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). Absent specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner objects to the Report's recommendations on three grounds: (1) the Report "decline[d] to apply the doctrine of equitable tolling to the present case is based upon a

3

misapplication of the relevant law[,]" (DE 98, p. 3), (2) the Report erroneously found that Plaintiff provided no evidence of any open crew-lead positions (DE 98, p. 6), and (3) the Report "improperly disregards the fact that Plaintiff had no way to learn of available crew lead opportunities and was completely at the mercy of Defendant's management for consideration." (DE 98, p. 7.)

Turning to Hammett's equitable tolling objection, Hammett argues that the Report improperly relies on "deliberate design" but overlooks "or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge" in Price. Hammett asserts that "[b]y requiring evidence of a 'deliberate design,' the Magistrate Judge has imposed a burden upon Plaintiff higher than that required by the law and has not analyzed the claim for equitable tolling upon the appropriate legal standard." (DE 98, pp. 3-4.)  To begin with, Hammett does not advance a claim of deliberate design by Defendant, and this Court is unaware of any facts to support the same.  While the Report focuses on deliberate design, Hammett contends Defendant should have unmistakably understood Mahone's action "would induce someone in Plaintiff's position to forego any other steps to secure a task book, and further, delay filing any charge of discrimination."  The purported inducement triggering Price is that Mahone stated she was the correct person for the inquiry, that there would be opportunities "in the near future," and that Plaintiff was "listed for future progression." (DE 83-3.)  Hammett further points out that Mahone did not advise him of any other steps necessary for Plaintiff to open a task book.  This Court disagrees that these actions rise to the level of an inducement needed to trigger equitable tolling under Price.

Mahone never advised Hammett there was nothing he needed to do to preserve his rights. Instead, the record shows that one of the requirements of opening a task book is having 2 or more

satisfactory performance evaluations within 60 days. (See DE 72-3, ¶ 2.) Defendant states that Plaintiff and others in his position were advised that they were to submit the requisite performance evaluations to DSA Cadre Management if they were seeking a task book. (See DE 72-3, ¶ 5.) Although Hammett says he was not made aware of this requirement (See DE 83-1, ¶ 38), that fact cannot overcome the test for equitable tolling, which requires an inducement by Mahone, not a lack of knowledge by Hammett. Accordingly, this objection is overruled.

Next, Hammett objects to the Report erroneously finding that Plaintiff provided no evidence of any open crew-lead positions (DE 98, p. 6) for his claims on or after October 2, 2017. The Report found that "Plaintiff has submitted no direct evidence of discrimination, nor has he provided evidence sufficient to demonstrate a prima facie case—in particular, Plaintiff has not provided evidence of any crew-lead positions open on or after October 2, 2017[,] for which he may have applied had he been aware. Nor has Plaintiff provided evidence of any other adverse employment actions." (DE 96, pp.16-17.) Hammett concedes that he "had no way to know the exact timing that these positions were extended to these 13 individuals, as the openings were not posted in any accessible manner." (DE 83, p. 20.) As stated in the Report, to establish a prima facie case, a plaintiff typically must show that (1) he is a member of a protected class; (2) his employer had an open position for which he applied or sought to apply; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. See Williams v. Giant Food Inc., 370 F.3d 423, 430 (4th Cir. 2004); see also id. at 431 (noting that, in certain situations, "the application requirement may be relaxed and the employee treated as if []he had actually applied for a specific position" if an employer "fails to make its employees aware of vacancies[.]").

That said, the Report ably and comprehensively addresses Hammett's objection. First, Defendant provided a chart, which the Report incorporates illustrating that there is "[n]othing [that] . . . establishes there was any position that was open and filled October 2, 2017[,] or later by someone outside of one or more of Plaintiff's protected classes." (DE 96, p. 18.) The Report correctly concludes that "the purported comparators on which Plaintiff bases his argument all had task books opened before October 2, 2017." (Id.) Second, Hammett's argument that he "had no way to know the exact timing that these positions were extended to these 13 individuals, as the openings were not posted in any accessible manner" (DE 98, pp. 6-7) is unavailing. The Report correctly provides that,

> The burden is on Plaintiff to demonstrate there were specific, open positions on October 2, 2017, or later for which he might have applied. <u>Williams</u> explained that the express requirement of actually applying for a specific, open position might[,] at times be relaxed if the employer did not make the openings known. However, nothing in <u>Williams</u> stands for the proposition that a plaintiff might bypass the application-for-a-specific-position prong of his prima facie case absent actual evidence that there was, in fact, an open position for which the plaintiff might have applied had he been made aware.
>
> Plaintiff centers his case around his lack of knowledge of exactly how to open task books and how to know of open positions. Plaintiff offers no concrete evidence, though, of any open positions from October 2, 2017-forward.

(DE 96, p. 19.) Given the application of <u>Williams</u> to Hammett's claim, his objection is overruled.

As for Hammett's third objection, arguing that he "had no way to learn of available crew lead opportunities and was completely at the mercy of Defendant's management for consideration[,]" (DE 98, p. 7) and therefore, he "should not be held to a strict reading of the deadline to contact Defendant's EEO officer" is overruled for the reasons given under the first objection. In addition, as noted in the Report, "Plaintiff conducted discovery and is charged with eliciting evidence that open positions existed and that he was unaware of them and not permitted to open a task book for them." (DE 96, p. 19.)

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court finds no clear error on the face of the record, and the Court adopts the Report (DE 96) as modified and incorporates it here.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment (DE 72) is granted and Plaintiff's case is dismissed.

**IT IS SO ORDERED**.

s/Joseph Dawson, III
Joseph Dawson, III
United States District Judge

Florence, South Carolina
December 27, 2023

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.